IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> STEPHEN BUSH, THE FATHER HOUSE, and ) <br> DARNELL JOHNSON, ) <br> ) <br> Defendants. ) | No. 2:20-cv-02096-TLP-tmp <br><br> JURY DEMAND |

**ORDER DISMISSING ALL CLAIMS WITHOUT PREJUDICE,
MODIFYING THE DOCKET, DENYING INJUNCTIVE RELIEF,
AND GRANTING LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff James Douglas Smith[1] sued pro se under 42 U.S.C. § 1983. (ECF No. 1.) After he submitted the necessary financial documents, the Court granted him leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)–(b). (ECF No. 4.) The Court now directs the Clerk to record the Defendants as Stephen Bush, Jericho Program, Father House, and Darnell Johnson. (ECF No. 1 at PageID 1.)

**BACKGROUND**

Law enforcement arrested Plaintiff on July 20, 2019, for a probation violation. Plaintiff alleges that Stephen Bush, the Shelby County public defender, enrolled him in the Jericho

---

[1] Plaintiff is currently incarcerated at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee.

Program, a mental health program. (*Id*. at PageID 2.) The mental health program then placed Plaintiff at Father House, which Plaintiff alleges is "owned by Darnel Johnson." (*Id*.) Plaintiff believes that both Jericho Program and Father House are "government funded." (*Id*. at PageID 3.)

Plaintiff alleges that he witnessed Defendant Johnson committing "food stamp fraud with Jericho Program clients' food stamp funds. (*Id*.) Plaintiff claims he reported the activity to Defendant Bush, Defendant Johnson, and "the State of Tennessee." (*Id*.) Also, Plaintiff alleges he told Defendant Johnson he saw Defendant Johnson's grandson selling drugs to "mental health clients." (*Id*.) As a result, Father House made all participants take a drug test. (*Id.* at PageID 4). After reporting the fraud and drug activity at Father House, Plaintiff alleges that (1) he was physically threatened by other members of the program and called "racial names;" (2) Defendant Johnson rescinded a job opportunity he had offered Plaintiff; and (3) Defendant Johnson told Plaintiff that he could not return to the Jericho Program. (*Id*.) He also accuses the program of discriminating "racially and mental health-wise." (*Id*.)

Plaintiff alleges he "had a mental breakdown" because these events left him "without housing, employment, and [his] freedom." (*Id*.) He argues that his "liberty interest [and] freedom ha[ve] been taken away racially." (*Id*.) He seeks $1 million in damages; investigation of Jericho Program for race discrimination; audit or closure of Father House; and his "freedom" back. (*Id*. at PageID 5.)

## LEGAL STANDARDS

I.  **Screening Requirements Under 28 U.S.C. § 1915A**

The Court has to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Federal Rule of Civil Procedure 8 also guides the Court on this issue. Even though Rule 8 only requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply

with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Elements of a Claim under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. (ECF No. 1). To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

## I.     Plaintiff Fails to State a Claim Against Jericho Program

In this phase of litigation, the Court assumes the Jericho Program is a state actor for § 1983 analysis.[2] Liberally construing the complaint, Plaintiff argues that he was removed from the Jericho Program without due process—that is, without warning or lawful basis. His due process claim fails, however. Prisoners have no constitutionally protected property or liberty interest in prison vocational, rehabilitative, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs"); *Newsom v.*

---

[2] A court in this circuit has allowed claims against a project manager of the Jericho Program to proceed past initial review for violations of § 1983. *See Lambert v. CCA*, No. 3:15-cv-0793, 2015 WL 4984559, at *1-3 (M.D. Tenn. Aug. 19, 2015). In Plaintiff's case, however, this Court makes no conclusive ruling now about whether Jericho Program is a state actor under § 1983.

*Norris,* 888 F.2d 371, 374 (6th Cir. 1989) (No constitutional right to prison employment); *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996) ("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee").  Plaintiff therefore has no protected interest in being placed in Jericho Program.  And so, he has no due process claim over his removal from the program.

Plaintiff also claims that Jericho wrongfully terminated him from its program for improper motives.  (*See* ECF No. 1 at PageID 3-5.)  Yet, he does not elaborate on this claim.  (*Id*.)

If Smith intends to assert a violation of his equal protection rights under the Fourteenth Amendment's Equal Protection Clause, his claim fails.  *See* U.S. Const., amend. XIV, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws").  "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 299 (6th Cir. 2006)).  Here, Smith's allegations fall short of pleading an equal protection violation.

First, the alleged conduct did not burden a fundamental right, as it is well-established that prisoners have no constitutional right to a prison job.  *See Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) ("[A] prisoner does not have a constitutional right to prison employment or a particular prison job."); *Argue*, 80 F. App'x at 429.  Besides, the Court cannot plausibly infer from the facts alleged that Plaintiff was targeted because of membership in a suspect class.  *See Iqbal*, 556 U.S. at 677; *Club Italia Soccer*, 470 F.3d at 298.

5

Nor does Plaintiff allege facts showing that the Defendants' putative actions against him were wholly irrational or motivated by animus or ill-will.  *Id.*  The complaint suggests that Plaintiff left Jericho Program and Father House after Plaintiff reported that alleged food stamp fraud and drug dealing were occurring in the program.  But, he does not sufficiently plead facts from which the Court can draw any causal connection or lack of rational basis.  For example, he does not allege whether the pertinent events were close enough in time to allow the Court to infer an improper motive.  For these reasons, Plaintiff fails to state a claim against Jericho Program.

**II.      Plaintiff Fails to State a Claim Against Defendant Bush**

Plaintiff alleges that Shelby County public defender Bush placed him in Jericho Program and Father House.  (ECF No. 1 at PageID 2.)  Though attorneys employed as public defenders are paid by the State, "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).  Courts have uniformly held that private attorneys are not state actors who can be sued under § 1983.  *See Polk*, 454 U.S. at 318 ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act under color of state law); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983").  As a result, Plaintiff fails to state a claim against Defendant Bush.

**III.     Plaintiff Fails to State a Claim Against Father House and Defendant Johnson**

Plaintiff states that Johnson is "the owner" of Father House.  (ECF No. 1 at PageID 2, 3 & 4.)  Plaintiff does not plead any facts demonstrating the nature of Father House's organizational status as a private or governmental entity.  Nor does he plead facts establishing Defendant Johnson's employment with any organizations that hold public entity status.  (*See id*.)

Plaintiffs "may not sue purely private parties" under § 1983.  *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).  Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state."  *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997).  Generally, to act "under color of state law," an individual must be a state or local government official or employee.  A private party may act under color of state law only when the party "acted together with or . . . obtained significant aid from state officials," and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

Here, just because Plaintiff is an inmate in public custody who resided at Father House while participating in a rehabilitative or reentry program does not transform Father House into a state actor.  Similarly, Defendant Johnson is not considered a state actor simply because he oversaw that rehabilitative program.  And so, Plaintiff fails to state a claim against Father House and Defendant Johnson.

**AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944,

7

951 (6th Cir. 2013); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Here, the Court finds that it should give Plaintiff the opportunity to amend his complaint by filing an amended complaint if he so chooses. The Court thus **GRANTS** Plaintiff leave to amend his complaint. If he wishes to amend his complaint, he must file it within thirty (30) days of the entry of this order.

## CONCLUSION

The Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune from such relief, under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 28 U.S.C. § 1915A(b)(1)-(2). Because the Court is dismissing the complaint without prejudice for failure to state a claim, the Court **DENIES** Plaintiff's request for injunctive relief as moot.[3] The Court **GRANTS** leave to amend the complaint. Plaintiff has thirty (30) days from the entry of this Order to file an amended complaint.

**SO ORDERED**, this 3rd day of September, 2020.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's requests seeking investigation, audit, and closure of Jericho Program and Father's House are also outside the province of this Court.